UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-21720-CV-BLOOM

MARCUS O. TAITE,

    Plaintiff,

v.

RODOLFO A. RUIZ.,

    Defendant.
_____/

## ORDER ON RULE 60(A) MOTION

**THIS CAUSE** is before the Court on *pro se* Plaintiff, Marcus O. Taite's Motion Under Federal Rule of Civil Procedure 60(a), ECF No. [4]. Plaintiff moves "to correct the record on two errors." *Id.* at 1.[1] First, he asserts that his Complaint, ECF No. [1], was filed as "a federal tort complaint" . . . and "not a 42 U.S.C. § 1983 Complaint." *Id.* Second, he states that "42 U.S.C. has expired. And 42 U.S.C. § 1983 is no longer a complaint form that can't (*sic*) be used in this U.S. Court House as an inmate complaint." *Id.* at 2. He additionally requests the Court's assistance in attaining his six-month prison trust fund account statement. *See id.* at 1. For the following reasons, the motion is denied.

On May 9, 2023, the Court — without reaching the merits of Plaintiff's Complaint — dismissed the case without prejudice as he failed to pay the filing fee or file a motion for leave to proceed *in forma pauperis* ("IFP Motion"). *See* ECF No. [3]. Upon further review, the Court has discovered that Plaintiff's Complaint — filed against Defendant U.S. District Judge Rodolfo Ruiz — stems from Judge Ruiz's April 20, 2023, Order dismissing a section 1983 complaint filed by

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Case No. 23-cv-21720-BLOOM

Plaintiff under the three-strikes provision of 28 U.S.C. § 1915(g). *See O. Taite v. Ivey, et. al.*, No. 23-cv-21482, Order Dismissing Complaint, ECF No. [3], filed April 20, 2023 (S.D. Fla. 2023). In that Order, the court noted:

> Although Plaintiff has not been a frequent filer in *this Court*, federal courts in Alabama have documented his litigious history and have conclusively determined that he qualifies as a "three-striker" under § 1915(g):
>
> [T]he Court discovered that Plaintiff has previously had at least three actions dismissed . . . . on one of the grounds enumerated under § 1915(e)(2)(B); *Marcus Orlando Taite v. Harley*, CA-02-0034-MHT-CSC (M.D. Ala. Apr. 18, 2002); *Marcus O. Tate v. Keahey*, CA-02-734-BH-S (S.D. Ala. Feb. 11, 2003); and *Marcus Tate v. Lawson*, CA 06-01779-RBP (N.D. Ala. Nov. 17, 2006). . . . **[T]o date, this court and the United States District Court for the Middle District of Alabama have now issued orders dismissing at least *six* of [petitioner's] actions pursuant to § 1915(g).** *See Tate v. Alabama*, 2010 U.S. Dist. LEXIS 79615, 2010 WL 3155281 (S.D. Ala. Aug. 4, 2010) (dismissing action under § 1915(g)); *Tate v. Bivins*, 2008 U.S. Dist. LEXIS 52754, 2008 WL 2705388 (S.D. Ala. July 10, 2008) (dismissing action under 28 U.S.C. § 1915(g)); *Tate v. Bass*, 2007 U.S. Dist. LEXIS 94158, 2007 WL 4571256 (M.D. Ala. Dec. 26, 2007) (recommending dismissal under the "three-strikes" provision of 28 U.S.C. § 1915(g)); *report and recommendation adopted by Tate v. Bass*, 2008 U.S. Dist. LEXIS 3093, 2008 WL 160599 (M.D. Ala. Jan. 15, 2008); *Tate v. Bass*, 2007 WL 2333041, CV–07–0298–CB–M (S.D. Ala. Aug. 13, 2007) (dismissing action under § 1915(g)); and *Tate v. Bass*, 2007 U.S. Dist. LEXIS 46281, 2007 WL 1834892 (S.D. Ala. June 22, 2007) (dismissing action under § 1915(g)).

(*Id.* at 2–3 (citing *Taite v. Walker*, No. 14-CV-0530-CG-B, 2014 WL 7411800, at *1–2 (S.D. Ala. Dec. 31, 2014)). The court thus adopted the findings of the United States District Courts for the Middle and Southern Districts of Alabama and concluded that Plaintiff qualifies as a "three-striker" based on his lengthy history of meritless, frivolous, and/or malicious lawsuits. *Id.* This Court does the same.

Plaintiff's attempt to subvert the requirements of § 1915 by claiming that his present filing is "not a 42 U.S.C. § 1983 Complaint" fails. ECF No. [1] at 1. The three-strikes provision states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action

> or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The three-strikes provision applies to all "civil actions or appeals" brought by prisoners — not only § 1983 complaints. *Id.* As such, Plaintiff's Complaint is subject to the three-strikes provision of § 1915(g) regardless of whether it is filed as a federal tort complaint or a § 1983 action.[2]

As a three-striker, the Court must dismiss Plaintiff's complaint unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff's Complaint, although largely incomprehensible, generally expresses discord with Judge Ruiz's dismissal of his earlier complaint. *See generally*, ECF No. [1]. Plaintiff makes no showing of imminent danger and so he is subject to the three-strikes rule — and because he failed to pay the filing fee at the time he initiated suit his motion is denied and the case shall remain closed. *See White v. Lemma*, 947 F.3d 1373, 1377 (11th Cir. 2020) ("We have construed this language to mean that a district court must dismiss a prisoner's claims when the prisoner has three strikes but failed to pay the filing fee when the suit began.").

In sum, Plaintiff's first claim is denied because there is no "clerical mistake," "oversight," or "omission" under Fed. R. Civ. P. 60(a) to remedy. No matter how Plaintiff labels the case, he must pay the filing fee at the time he initiates suit. *See White*, 947 F.3d at 1377. Plaintiff's second claim is denied as meritless because 42 U.S.C. § 1983 and § 1983 prisoner complaint forms have not "expired." Finally, Plaintiff need not file an IFP motion or provide his six-month prison trust fund account statement. As discussed, due to his status as a "three-striker," Plaintiff is not

---

[2] The Complaint is, in fact, a § 1983 action; however, the Court declines to address the merits as Plaintiff has not met the procedural requirements of § 1915(g).

Case No. 23-cv-21720-BLOOM

permitted to proceed IFP, and he must pay the full filing fee at the time he initiates suit.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion Under Federal Rule of Civil Procedure 60(a), **ECF No. [4]**, is **DENIED**. The case shall remain closed.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 1, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Marcus O. Taite
00180664
Bibb Correctional Facility
Inmate Mail/Parcels
565 Bibb Lane
Brent, AL 35034
PRO SE